**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DR. HARRY W. BROWN,

                Plaintiff,

-vs-                                                        Case No. 6:09-cv-1433-Orl-28GJK

ISLAMORADA CONDOMINIUMS, LLC,

                Defendant.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** MOTION FOR DEFAULT JUDGMENT (Doc. No. 9)
>
> **FILED:** October 14, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.    BACKGROUND**

On August 17, 2009, Plaintiff filed a complaint (the "Complaint") against Islamorada Condominiums, LLC (the "Defendant") alleging breach of the Islamorada Condominiums Purchase Agreement (the "Agreement"). Doc. No. 1. Under the Agreement, Plaintiff contracted to purchase a condominium unit from the Defendant, and the Agreement obligated Defendant to complete and deliver the condominium unit within thirty-six (36) months of the date of the Agreement was executed. *Id.* at 2; 8. The Agreement states:

> If for any reason other than failure of Developer to make developer's title marketable after diligent effort, Developer fails, neglects or refuses to perform this Agreement, the Buyer may elect to receive the return of Buyer's deposits as its sole remedy, unless Developer's nonperformance is willful, in which case buyer's remedy shall not be so limited.

Doc. No. 1 at 10.

On August 26, 2009, the Complaint was served on Defendant. Doc. No. 6. Defendant failed to respond to the Complaint. On October 8, 2009, default was entered against Defendant. Doc. No. 8. On October 14, 2009, Plaintiff filed the present Motion for Default Judgment (the "Motion") pursuant to Rule 55(b), Federal Rules of Civil Procedure. Doc. No. 9. In the Motion, Plaintiff states the following:

> Pursuant to paragraph 3 of the [A]greement, all deposits are placed in an interest bearing account and all interest is credited to the Plaintiff. Plaintiff deposited $79,000.00 into an escrow under the [A]greement, and that amount has accrued interest and now totals $81,583.69. These funds are being held by Defendant's escrow agent Professional Title Agency, Inc. . . . Pursuant to paragraph 13 of that [A]greement, in the event of a breach of the [A]greement by Defendant, Plaintiff is entitled to receive the return of all escrow deposits. In additional, Plaintiff has incurred $390.00 in costs in this litigation. As a result, Plaintiff is seeking entry of a final judgment equal to the sums in his escrow account ($81,583.69) plus his costs ($390.00) for a total judgment of $81,973.69.

Doc. No. 9 at 1-2 (internal citations omitted). Thus, Plaintiff requests an entry of default final judgment.

## II. LAW AND ANALYSIS

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed.R.Civ.P. 55(a). Rule 55(b)(2) further provides:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory rights to jury trial – when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

*Id*. The mere entry of default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997). A default judgment has the effect of establishing as fact the plaintiff's well pled allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

After reviewing the Complaint and the Agreement, the undersigned finds that the Plaintiff is entitled to a default judgment. Plaintiff requests the entry of final judgment in the amount of $81,973.69, broken down as follows: 1) $81,583.69, which is the amount deposited in escrow plus accrued interest, plus 2) $390.00 for costs incurred in this litigation.

**THEREON** it is **RECOMMENDED** that:

1. Plaintiff's Motion (Doc. No. 9) be GRANTED;

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

2. Plaintiff be awarded the total balance of $81,973.69 as detailed above; and

3. Plaintiff be awarded post-judgment interest at the rate allowed by law.

It is further **ORDERED** that the Clerk of the Court shall serve a copy, by certified mail, of this Report and Recommendation on: Islamorada Condominiums, LLC, c/o Robert Thurlow, 415 Canal St., New Smyrna Beach, Florida 32168.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended at Orlando, Florida on December 22, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of Record
Defendant by Certified Mail